Harr, J.
The case of Record against Dean is pending here on petition in error, in which it is sought to reverse the judgment of the court of common pleas.
the verdict was not sustained by sufficient evidence, and one
One of the specifications alleged for a new trial was, that *171 of the errors assigned in the petition in error, filed in this court is, that the court erred in overruling the motion for a new trial for that reason.
The record discloses the fact that the plaintiff in error, Record, was engaged in Conneaut, in this county, in the manufacture of tin plates at the time of this accident, which was March 15, 1892.
Dean was an employe of the plaintiff in error, and on the day of the accident was working upon a stamping machine uised in that business. It consisted of a table, with a press worked by a lever with a pressure of the foot, causing the press to fall upon the table upon which the tin was placed to be stamped.
It seems that when the operator put in'the tin with one hand, and pressed the lever with his foot, the press descended and then went back immediately, the plate was removed with' the right hand and another placed with the left.
On 'the day prior to this injury, Dean claims that he made complaint to the foreman of the shop that the machine was out of order, and did not work properly; that the foreman promised that it should be repaired and directed him to con-tinue the work; that he did, in pursuance of such promise and ■ under such promise, continue the work until he was injured.
The negligence alleged is, that the riiachine was out of order, did not work well and at times did not strike at all; that the-press at times could not be made to descend at all. and at other times would descend with one pressure-of the lever two or three times; that the racket and brake did not operate properly.
The employe' having full knowledge of the condition of' this machine upon which he was working, it is clear that in the absence of -any complaint made by him to the foreman of' the shop or to his employer, and a promise to repair by the foreman or employer, no recovery' could be had in the case.' The danger incurred in the operation of this machine, in the absence of such notice and promise, was one of the ordinary risks assumed by the 'employe in entering into that employ-’ ment. ■ '
The right to recover then, turns upon the fact whether com-" plaint had been made to the foreman, and whether the opera-’ *172 tbr, the defendant 'in"‘error, continued in that employment, relying upon the promise of the foreman to make such repairs?
Looking into the evidence upon this question, we find that on the'day prior to this injury Dean complained to the foreman, or a man whom he alleges was the foreman, Sanford, that the machine would not trip; as he pressed the lever the press would not come down. Mr. Sanford, to whom that complaint was made, remedied that defect, the only defect of which complaint was made, and he went on using the machine until he was injured. (No further promise whatever was made.
The next morning Mr. Dean complained to the same man, Sanford, that the machine made a racket, too much noise. He was told it was due to the fact that it was running so slowly, and as quick as steam was up it would be all right. He accepted that and went forward with his work. There was no promise on the part of the alleged foreman to repair at all, no promise made whatever, that would change the ordinary sit-. uation.
Plaintiff claims to have been injured from the fact that there were two revolutions of the press with one pressure of the foot upon the lever. There is not a particle of proof in the case that_ this machine ever-revolved twice prior to this tune; not a particle of proof that the employe or the employer had any knowledge or intimation that the machine_ was liable thus to revolve, and no complaint made by the employe to the ■employer, that it was liable or ever had so revolved.
Taking the evidence as it appears from this record, we are dearly satisfied that the verdict was-clearly wrong. There was ho evidence whatever to sustain the finding notice had been given to and promise made by the foreman to repair, and as I Save said, without that the verdict could not be sustained.
All of this is upon the supposition that Sanford was the foreman in the shop, and the proper man to apply to to remedy defects in the machine, whose promise bound the employer,
v That question was really not in dispute. He was not in fact a foreman or an assistant foreman at the time. There is some evidence tending to show that he was performing the fact a foreman. Independent, however, of that question, the 'dirties of an assistant foreman at the time, but he was not in verdict of the jury was wrong.
*173 > -Again, upon the question of the defect in the machine'; it was left very uncertain as to whether there wás any defect, or if any defect, what it was; but perhaps the verdict should not be disturbed on that ground; but for the reason that the verdict was not. supported by sufficient evidence, we think the judgment should be reversed.
■ We find no further, error in this record.
The case will be reversed for the error in overruling the motion for a new trial, for the reason that the verdict was not sustained by sufficient evidence, and cause remanded.